IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FREDERICK C. SISNEROS, **Plaintiff** | : | CIVIL ACTION |
| v. | : | NO. 07-4294 |
| JOHN PALAKOVICH, et al., **Defendant** | : | |

**MEMORANDUM**

STENGEL, J.                                      June 30, 2008

On July 8, 2004, Frederick C. Sisneros filed a *pro se* petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254.[1] Upon review, it was determined to be Sisneros' second petition challenging the same conviction, and pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), I dismissed the petition with prejudice. Almost three years later, Sisneros filed the instant motion to vacate that dismissal pursuant to Rules 60(b)(6) and 60(d)(1) of the Federal Rules of Civil Procedure. He also filed a motion for recusal, pursuant to 28 U.S.C. §§ 455(a) and (b)(1), seeking "the recusal or disqualification" of the undersigned from "further participation in and/or consideration of the above-captioned case." For the following reasons, I will grant the motion for recusal, and remand the case to the Clerk of Court for reassignment from my calendar to that of another judge in the Eastern District of Pennsylvania.

---

[1] As with his first federal petition for *habeas corpus*, this petition was originally filed in the Middle District of Pennsylvania, then transferred to this district.

I. **BACKGROUND**[2]

On March 12, 1991, Sisneros pled guilty in the Court of Common Pleas of Lancaster County to eighteen indictment numbers containing fourteen counts of burglary, seventeen counts of theft, ten counts of criminal conspiracy, three counts of criminal mischief and one count of criminal trespass. Commonwealth v. Sisneros, 692 A.2d 1105, 1106 (Pa.Super.Ct. 1997). In May 1991, he was sentenced to ten to twenty years' imprisonment. He appealed alleging that his sentence was defective and that counsel was ineffective. Id. On June 29, 1992, the Superior Court of Pennsylvania vacated the judgment of sentence and remanded the case for an evidentiary hearing. After the hearing, Sisneros was re-sentenced to the original term of incarceration. Id. Sisneros again appealed claiming that his guilty plea was defective because he was never told that the sentences for the crimes could be imposed consecutively. On May 31, 1994, the Superior Court again vacated the judgment of sentence and remanded the case for a new trial. Id.

On November 4, 1994, Sisneros filed a motion to dismiss claiming that the Commonwealth failed to bring him to trial within the time specified by Pennsylvania Rule of Criminal Procedure 1100. Three days later, the motion was denied. On November 17, 1994, Sisneros again pled guilty and was sentenced to six to twenty years' imprisonment.

---

[2] The facts are gleaned from a Report & Recommendation prepared by the Honorable Thomas J. Rueter recommending that Sisneros' first federal petition for writ of *habeas corpus* be denied. Sisneros v. Meyers, et al., No. 97-7911, slip op. (E.D. Pa. February 25, 1998).

2

He did not appeal that sentence. Id. at 1107.

In March 1995, Sisneros filed a petition in the state courts for a writ of *habeas corpus*, alleging that his Pennsylvania Rule 1100 claim was meritorious and that his trial counsel was ineffective for failing to raise that claim on appeal. The trial court denied that petition. The Superior Court affirmed, and the Supreme Court of Pennsylvania denied *allocatur*. Commonwealth v. Sisneros, 702 A.2d 1060 (Pa. 1997)(Table).

On November 12, 1997, Sisneros filed a petition for writ of *habeas corpus* in the Middle District of Pennsylvania. Sisneros claimed that his plea was involuntary, raising the same claims he had raised before the Pennsylvania appellate courts, i.e., that the Commonwealth violated Pa.R.Crim.P. 1100, and that trial counsel was ineffective for not raising that issue on appeal. The Middle District transferred the petition to this district and the case was assigned to the Honorable Harvey Bartle, III. Judge Bartle referred the case to the Honorable Thomas J. Rueter for a Report & Recommendation. Judge Rueter recommended that the petition be denied. Judge Bartle approved and adopted the Report and Recommendation on March 12, 1998. Sisneros v. Meyers, et al., No. 97-7911 (E.D. Pa. March 12, 1998) (Order approving and adopting Report & Recommendation).

On July 8, 2004, almost ten years after his second guilty plea, Sisneros filed his second petition for writ of *habeas corpus* in the Middle District of Pennsylvania. The Middle District transferred the case to this district. Rather than being assigned to Judge Bartle as a related case in keeping with the procedures of the Clerk of Court, the case was

3

assigned to me. I dismissed the petition with prejudice on November 17, 2004, pursuant to the AEDPA, 28 U.S.C. §§ 2241-2266, which provides in relevant part that federal courts must dismiss claims in a second or successive petition that were presented in a prior petition.

Sisneros filed a motion pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure seeking relief from that Order dismissing his second petition for *habeas corpus*. He argues that my failure to recuse myself *sua sponte* from the determination of his petition constituted an extraordinary circumstance warranting Rule 60(b) relief. Months later, Sisneros filed a motion for recusal pursuant to 28 U.S.C. §§ 455(a) and (b)(1). Because it is dispositive, I will only address the latter motion.

## II. LEGAL STANDARD

Title 28 of the United States Code Sections §§ 455(a) and (b)(1) provide that: (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned; and (b) He shall also disqualify himself in the following circumstances: (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(a), (b)(1). The Supreme Court of the United States has stated that the purpose of this provision is "to promote public confidence in the integrity of the judicial process." Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 860 (1988).

4

A party seeking recusal need not show actual bias on the part of the court, only the appearance of bias or impartiality. Liteky v. United States, 510 U.S. 540, 553 (1994). In considering whether recusal is required or appropriate under § 455(a) or (b)(1), courts account for what is referred to as the "extrajudicial source" factor or limitation. Id. at 552-55. This limitation provides that, absent a "deep-seated favoritism or antagonism" evinced by a judge, "neither judicial rulings nor opinions formed by the judge on the basis of facts introduced or events occurring during current or prior proceedings are grounds for recusal." Id. at 555. Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. Id. Under § 455(a), which is broader than § 455(b)(1), the pertinent inquiry is "whether a reasonable person knowing all the circumstances would harbor doubts concerning the judge's impartiality." Mass. School of Law at Andover, Inc. v. Am. Bar Ass'n, 107 F.3d 1026, 1042 (3d Cir. 1997). The ultimate issue is whether the public can have confidence in the integrity of the court's judgments." Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. at 860. To this end, the proponent of recusal must identify facts that might reasonably cause an objective observer to question the judge's impartiality. Id. at 865.

## III. DISCUSSION

The Third Circuit Court of Appeals has recently repeated the admonition that the "public's confidence in the judiciary . . . may be irreparably harmed if a case is allowed to proceed before a judge who appears to be tainted." Clemmons v. Wolfe, 377 F.3d 322,

325-326 (3d Cir. 2004) (quoting In re Kensington Int'l Ltd., 353 F.3d 211, 220 (3d Cir. 2003)). In Clemmons v. Wolfe, a federal judge dismissed an inmate's petition for writ of *habeas corpus* in a case where the same federal judge had been the state court judge who presided over the inmate's criminal trial. 377 F.3d at 324. The Third Circuit was asked to decide whether the judge should have *sua sponte* recused himself from the *habeas* proceeding. The court noted that when Congress amended Section 455(a) in 1974, it replaced the statute's formerly subjective standard with an objective one, stating:

> "Subsection (a) of the amended section 455 contains the general, or catch-all, provision that a judge shall disqualify himself in any proceeding in which 'his impartiality might reasonably be questioned.' This sets up an objective standard, rather than the subjective standard set forth in the existing statute through use of the phrase 'in his opinion.'"

H.R. Rep. No. 93-1453 (1974). While Title 28 U.S.C. § 47 stresses that "no judge shall hear or determine an appeal from the decision of a case or issue tried by him," there is no such applicable statute for *habeas* petitions. Clemmons v. Wolfe, 377 F.3d at 325. The absence of a directly applicable statute in no way diminishes the importance to a litigant of review by a judge other than the judge who presided over the case at trial. Id. Because a *habeas* action provides the criminal defendant with the opportunity to have a federal court review the state proceedings for constitutional infirmities, the same rules governing independence, conflict of interest, or appearance of partiality should apply. Id.

The court decided to exercise its supervisory power to require that each federal district court judge in this circuit recuse himself or herself from participating in a 28

6

U.S.C. § 2254 *habeas corpus* petition of a defendant raising any issue concerning the trial or conviction over which that judge presided in his or her former capacity as a state court judge. Id. at 329.

Here, I contacted the Clerk of Court's Office at the Court of Common Pleas of Lancaster County to inquire about my involvement in Sisneros' criminal case. I was informed that in 1991, Sisneros pled guilty to a series of burglaries, thefts, and conspiracies before Judge Louise Herr who sentenced him to ten to twenty years' imprisonment. The Superior Court of Pennsylvania vacated the sentence and remanded the case for an evidentiary hearing. The case was re-assigned to Judge Farina upon the death of Judge Herr. Judge Farina conducted the hearing and re-imposed the original term of incarceration. The Superior Court again vacated the sentence and remanded the case for a new trial.

On Friday, November 4, 1994, I signed an Order directing the Commonwealth of Pennsylvania to show cause as to why various criminal charges filed against Sisneros should not be dismissed with prejudice. My involvement in this case occurred on a day when I served as Business Judge in the Lancaster County Court of Common Pleas. Typically, on any given day, the Business Judge signs as many as fifty to a hundred petitions, motions, or Orders for various offices within the court system. It is not clear whether my small role in Sisneros' criminal proceedings is the type contemplated by the Third Circuit when it elucidated the rule that each federal judge recuse himself from

7

participating in the *habeas* petition of a defendant raising any issue concerning the conviction over which that judge **presided** in his former capacity as a state court judge. Id. at 329 (emphasis added). Upon a careful review of the files in Lancaster County, however, I am confident that I did nothing substantive in Sisneros' criminal case. When I signed the Order dismissing Sisneros' petition as a second petition, I did not recognize his name or remember my insubstantial involvement in his criminal case.

Nevertheless, given the strong admonition from the Third Circuit, I am of the opinion that it would be the better course to grant the motion for recusal and to request that the motion to vacate my earlier judgment be re-assigned to one of my colleagues. The possibility of creating an appearance of impropriety, though slight, and the risk of undermining the public's confidence in the judicial process are sufficient reasons to recuse myself from further proceedings.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FREDERICK C. SISNEROS, Plaintiff | : : : | CIVIL ACTION |
| v. | : : | NO. 07-4294 |
| JOHN PALAKOVICH, et al., Defendant | : : | |

FILED
JUN 3 0 2008
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

**ORDER**

STENGEL, J.

AND NOW, this 30 day of June, 2008, upon careful consideration of the plaintiff's motion for recusal (Document #2), IT IS HEREBY ORDERED that the motion is GRANTED.

IT IS FURTHER ORDERED that above-captioned matter be returned to the Clerk of Court for reassignment from my calendar, pursuant to Title 28 U.S.C. § 455(a), to that of another judge in the Eastern District of Pennsylvania.

BY THE COURT:

/s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.